IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

PATRICK P. O'DONNELL,

       Plaintiff,

v.                               Civil Action No.: 3:08cv303

JAMES BRUCE,
BRUCE F. HOUGH,
R. MICHAEL MCKENNEY,
ERIC JESSEE,
C. MERILE JONES,
UNITED STATES OF AMERICA,

       Defendants.

## MEMORANDUM OPINION

Plaintiff Patrick P. O'Donnell, proceeding *pro se*, brought this action in the Circuit Court

of Westmoreland County. He alleges several causes of action, which the Court interprets as

follows:

| | |
|---|---|
| Claim 1(a): | Common law malicious prosecution against Defendant United States |
| Claim 1(b): | Common law malicious prosecution against Defendants Jessee, Jones, Bruce, and McKenney (the "State Defendants") |
| Claim 2(a): | Common law intentional infliction of emotional distress against Defendant United States |
| Claim 2(b): | Common law intentional infliction of emotional distress against the State Defendants |
| Claim 3(a): | Violation of Plaintiff's Sixth Amendment[1] right to counsel against Defendant Hough |
| Claim 3(b): | Violation of Plaintiff's Sixth Amendment right to counsel against the State Defendants |

Defendant Hough removed the action to this Court pursuant to 28 U.S.C. §§ 1441,

1442(a), and 2679(d)(1). On May 20, 2008, the United States of America was substituted for

_____

[1] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

Hough as to Plaintiff's non-Constitutional tort claims, pursuant to 28 U.S.C. §§ 2679(d)(2) and 1346(b).

All of the Defendants have moved for dismissal or, in the alternative, for summary judgment.[2] Both the State Defendants and Federal Defendants served appropriate *Roseboro*[3] notice on O'Donnell advising him of the "opportunity and necessity" of filing a response opposing the Defendants' pleadings and explaining the type of evidence required to withstand a motion for summary judgment. *See Gedrich v. Fairfax County Dep't of Family Servs.*, 282 F. Supp. 2d 439, 466 n.23 (E.D. Va. 2003). O'Donnell never responded to Defendants' motions.

## I. Standard of Review

The Court considers Defendants' motions to be ones for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are

---

[2] Motions pending before the Court in this matter include:
- Motion to dismiss malicious prosecution claim for failure to state a claim for relief by Defendants Jessee, Jones, and Bruce (the "Deputy Defendants");
- Motion to dismiss all claims on the basis of sovereign immunity by the Deputy Defendants;
- Motion to dismiss all claims on the basis of absolute immunity by Special Prosecutor McKenney;
- Motion for partial summary judgment by the State Defendants on Plaintiff's Sixth Amendment claim;
- Motion to dismiss malicious prosecution and intentional infliction of emotional distress claims for lack of subject matter jurisdiction by the United States and Special Agent Bruce Hough (the "Federal Defendants"), due to Plaintiff's failure to exhaust administrative remedies;
- Motion to dismiss Plaintiff's Sixth Amendment claim for failure to state a claim by Special Agent Hough, as barred by the applicable statute of limitations or because no right to counsel had attached, or because *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971), does not create a private cause of action for a Sixth Amendment right to counsel violation;
- Motion to dismiss or for summary judgment by Special Agent Hough as to all claims on the basis of qualified immunity.

[3] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

2

presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.")

Summary judgment under Rule 56 is appropriate only when the Court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Once a party has properly filed evidence supporting the motion for summary judgment, the nonmoving party may not rest upon mere allegations in the pleadings, but must instead set forth specific facts illustrating genuine issues for trial. *Celotex,* 477 U.S. at 322-24. These facts must be presented in the form of exhibits and sworn affidavits. Fed. R. Civ. P. 56(c).

A court views the evidence and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Anderson*, 477 U.S. at 255. Whether an inference is reasonable must be considered in conjunction with competing inferences to the contrary. *Sylvia Dev. Corp. v. Calvert County*, 48 F.3d 810, 818 (4th Cir. 1995). Ultimately, the court must adhere to the affirmative obligation to bar factually unsupportable claims from proceeding to trial. *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (*citing Celotex*, 477 U.S. at 323-24).

While the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), "[u]nsubstantiated, conclusory claims without evidentiary support are insufficient to satisfy a non-moving party's burden on summary judgment." *Graham v. Aponte*, No. 1:08CV308(LMB/JFA), 2009 WL 249779, at *3 (E.D. Va. Feb. 2, 2009). The State

3

Defendants have each provided a sworn affidavit in support of their summary judgment motions. The Federal Defendants provided sworn declarations and exhibits in support of their summary judgment motions. O'Donnell has not produced any affidavits or exhibits. His unsworn Complaint constitutes his only pleading in this matter. Thus, Plaintiff has failed to produce any admissible evidence for summary judgment purposes. *United States v. White*, 366 F.3d 291, 300 (4th Cir. 2004) (emphasizing that unsworn argument does not constitute evidence), *cert. denied*, 127 S. Ct. 553 (2006). Considering the record before it, the Court finds the following facts to be undisputed.

## II.  Undisputed Facts

O'Donnell served an eleven-month sentence in the Northern Neck Regional Jail ("NNRJ") in Warsaw, Virginia, after entering an *Alford* plea to two counts of possession with intent to distribute marijuana on October 14, 2004.  While O'Donnell was incarcerated, several sheriff's deputies investigated allegations that O'Donnell was soliciting other inmates to murder Richard Stuart, the Commonwealth's Attorney for Westmoreland County.

On June 29, 2004, sheriff's deputies met with NNRJ inmate Charles Burroughs, who was to be released that day.  Burroughs had told his attorney on two occasions that O'Donnell had solicited Burroughs to kill the Stuart family.  After Burroughs's release from prison, authorities could not locate him, and assigned Defendant Jones to locate Burroughs.  Jones located Burroughs, and Jones and Jessee continued to investigate the matter, participating in interviews of Burroughs, O'Donnell, O'Donnell's significant other Michelle Lebherz, and NNRJ inmate Duane Startin in the fall of 2004.

4

The Northumberland County Sheriff's Office assigned Defendant Bruce to investigate O'Donnell's threats against the Stuart family by interviewing NNRJ inmates, Michelle Lebherz, and several other people between June 2004 and December 2004.  Defendant Hough, a Special Agent with the FBI, became involved in the investigation of O'Donnell in June 2004.  He participated in interviews of Burroughs on June 29, 2004, and O'Donnell in September 2004.

On October 25, 2004, a grand jury indicted O'Donnell on the charge that, "between May 24 and June 29, 2004," he "did feloniously command, entreat or otherwise attempt to persuade another person to commit murder," in violation of Va. Code § 18.2-29.  (Fed. Defs.' Mot. Dismiss or Alternatively for Summ. J. & Br. Supp. Ex. 1.)  Defendants Jessee and Jones served as grand jury witnesses.  (*Id.*)

Defendant McKenney, currently the Commonwealth's Attorney for Northumberland County, was appointed as special prosecutor in Richmond County on November 8, 2004.  He decided to seal the October 25, 2004 indictment while the investigation continued.  After receiving the information gathered as a result of the investigation of O'Donnell's alleged threats against the Westmoreland Commonwealth's Attorney, McKenney determined that probable cause existed to seek additional indictments against O'Donnell.

In November 2004, counsel for an inmate at Northern Neck Regional Jail, Antonio Alonzo Johnson, informed law enforcement that her client had information about O'Donnell's attempts to have Richard Stuart killed.  Hough, Bruce, and McKenney arranged to have Johnson, by consent, wear a body recorder and engage O'Donnell in conversation about Stuart. O'Donnell's statements in a recorded conversation with Johnson on December 2, 2004, denied wanting to harm Stuart, and no such statements were ever used against O'Donnell.

5

On December 3, 2004, another NNRJ inmate, David Paul Clark, told Bruce and Hough that O'Donnell talked with inmate Isaac Veney on November 19, 2004, about wanting Stuart "gone." (Hough Aff. ¶ 12.) An interview with Veney confirmed that O'Donnell asked Veney to have his children kill Stuart.

In light of the continuing threats, on April 25, 2005, Agent Hough testified before a grand jury in the Richmond County Circuit Court. The grand jury indicted O'Donnell on five charges: solicitation of murder on November 17, 2004; solicitation of murder on December 3, 2004; solicitation of arson between October 19 and December 6, 2004; solicitation of murder between October 19 and December 6, 2004; and solicitation of obstruction of justice between October 19 and December 6, 2004.

The Richmond County Circuit Court dismissed all of the indictments against O'Donnell on April 27, 2007, finding a violation of O'Donnell's right to a speedy trial. No trial on the merits of the charges in the October 25, 2004 indictment nor the April 25, 2005 indictment ever occurred.

### III. Analysis

#### A.    Claim 3: Sixth Amendment Right to Counsel

Because substantially the same analysis applies to all Defendants, the Court considers Claim 3 first.

##### 1.    Claim 3(a): Defendant Special Agent Hough

Plaintiff's Sixth Amendment claim against Hough must be construed as a cause of action under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388

(1971), as it alleges a constitutional violation by Hough, a federal agent.[4]  "A criminal

defendant's Sixth Amendment right to counsel is violated when incriminating statements

'deliberately elicited' by the government, made after indictment and outside the presence of

counsel, are admitted against the defendant at trial." *United States v. Love*, 134 F.3d 595, 604

(4th Cir. 1998) (*quoting Massiah*, 377 U.S. at 206); *accord United States v. Lentz*, 524 F.3d 501,

520 (4th Cir. 2008).  This right attaches "at the initiation of adversary judicial proceedings,

which at least includes the point of formal charge, indictment, information, preliminary hearing,

or arraignment." *United States v. Cain*, 524 F.3d 477, 481 (4th Cir. 2008) (*citing McNeil v.

Wisconsin*, 501 U.S. 171, 175 (1991)).

O'Donnell asserts that Defendants Hough, Bruce, and McKenney violated his Sixth

Amendment right to counsel by arranging for NNRJ inmate Johnson to wear a wire in

investigating whether O'Donnell solicited inmates to murder Richard Stuart.  O'Donnell

characterizes this event as a "covert interrogation of Plaintiff after the return of an indictment

against him for the very offense they were investigating." (Compl. ¶ 8.)  The Court assumes

without finding, for purposes of its analysis, that an "interrogation" took place.

---

[4] Because this claim so clearly fails on the merits, the Court will not evaluate what would
be a moot discussion as to whether or not a private cause of action as to a Sixth Amendment
violation can arise in a *Bivens* claim.  Presuming it could arise, without finding that it does, the
Court offers the above analysis.

Hough first argues that Virginia's two-year statute of limitations, applicable to *Bivens*

actions,[5] bars O'Donnell's Sixth Amendment claim.  The record shows that Defendants arranged

for Johnson to wear a body wire and engage O'Donnell in conversation about Richard Stuart on

December 2, 2004.  However, the record contains no indication of when O'Donnell's cause of

action *accrued*.[6]  Because neither the Complaint nor the Defendants' affidavits contain any

indication of when O'Donnell became aware that Johnson wore the wire at issue, the Court

declines to find that the statute of limitations bars this claim.

Hough argues alternatively that no constitutional violation occurred because O'Donnell's

Sixth Amendment right to counsel had not attached during the time of the consensual wire

recording.  The Sixth Amendment right to counsel is "offense specific," meaning that it "'cannot

be invoked once for all future prosecutions.'"  *Texas v. Cobb*, 532 U.S. 162, 167 (2001) (*quoting*

*McNeil*, 501 U.S. at 175).

Although formal charges had been brought against O'Donnell via the October 25, 2004

indictment for solicitation of murder, that indictment pertained to alleged crimes occurring,

specifically, "between May 24 and June 29, 2004."  To the extent O'Donnell's Sixth Amendment

---

[5] *See* Va. Code Ann. § 8.01-243(A) (two-year statute of limitations for personal injury actions); *Owens v. Okure*, 488 U.S. 235 (1989) (holding that federal courts should apply the applicable state general personal injury statute of limitations in § 1983 actions); *Montgomery v. Johnson*, No. 7:05CV131, 2008 WL 4452465, at *3 (W.D. Va. Sept. 27, 2008) ("Federal civil rights actions under *Bivens* . . . are governed by the statute of limitations for personal injuries in the state where the tortious act occurred.").

[6] In a *Bivens* action, federal law dictates when a cause of action accrues, even though state law provides the applicable statute of limitations.  *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc).  "Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action."  *Id.* (*citing United States v. Kubrick*, 444 U.S. 111, 122-24 (1979)).

8

right to counsel had attached, it did so as to allegations of solicitation occurring between those dates only. The incident involving Johnson and the body wire occurred several months later, on December 2, 2004, as part of an investigation of alleged solicitations occurring in the fall of 2004. O'Donnell's April 25, 2005 indictment alleged separate solicitations that occurred well after the first charging dates: those between October 19 and December 6, 2004. *Texas v. Cobb* unambiguously held that the Sixth Amendment right to counsel does not extend to investigation of crimes that are "factually related" to those that have actually been charged. 532 U.S. at 167. These additional and separate allegations of solicitation of murder clearly fall within the purview of *Texas v. Cobb*. Therefore, no Sixth Amendment right to counsel had attached as to the crimes alleged in the April 25, 2005 indictment, and no violation of that right could have occurred by the Defendants' arranging for Johnson to wear a wire.

To the extent Plaintiff relies on *Massiah v. United States* to support his Sixth Amendment claim, that reliance is misplaced. The Court's ruling in *Massiah* contravenes his position:

> We do not question that in this case, as in many cases, *it was entirely proper to continue an investigation of the suspected criminal activities of the defendant* and his alleged confederates, even though the defendant had already been indicted. All that we hold is that the defendant's own incriminating statements, obtained by federal agents under the circumstances here disclosed, could not constitutionally be used by the prosecution as evidence against him *at his trial*.

377 U.S. at 207 (emphasis added).

In this case, all parties agree that O'Donnell made no incriminating statements to Johnson, and that no trial on the merits commenced. Because the record shows that O'Donnell's Sixth Amendment right to counsel had not yet attached, the interrogation yielded no incriminating statements, and no trial occurred, O'Donnell cannot prevail on this claim as a

matter of law. *See United States v. Montgomery*, 262 F.3d 233, 246 (4th Cir. 2001); *Love*, 134 F.3d at 604.

Accordingly, the Court will GRANT summary judgment for Hough on Claim 3(a). Claim 3(a) will be DISMISSED.

### 2.    Claim 3(b):  State Defendants Jessee, Jones, Bruce, and McKenney

Plaintiff's Sixth Amendment claim against the State Defendants must be construed under 28 U.S.C. § 1983,[7] which provides redress for violations of federally guaranteed rights by state actors. The analysis as to Plaintiff's *Bivens* action against Special Agent Hough applies with equal force to Claim 3(b).[8]  Because the Court determined that no violation of O'Donnell's Sixth Amendment rights occurred as to Claim 3(a), the Court will GRANT summary judgment for the State Defendants on Claim 3(b) on the same reasoning.  Claim 3(b) will be DISMISSED.

### B.    United States of America:  Claims 1(a) and 2(a)

The United States of America was substituted for Defendant Hough on Plaintiff's non-Constitutional tort claims for malicious prosecution and intentional infliction of emotional

---

[7]  Section 1983 states in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983.

[8] *See Morrison v. Sheffield*, No. 7:08cv556, 2008 WL 5334370, at *1 (W.D. Va. Dec. 19, 2008) ("Case law involving § 1983 claims is applicable in *Bivens* actions and vice versa.") (*citing Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994).

distress.[9] The Federal Tort Claims Act ("FTCA")[10] serves as a limited waiver of the United States's sovereign immunity and provides that a suit against the United States is the exclusive remedy for any civil action against a government employee acting within the scope of his or her office or employment. 28 U.S.C. § 2679(b)(1). The United States Attorney for the Eastern District of Virginia certified[11] that FBI Agent Hough acted within the course and scope of his employment regarding the conduct about which Plaintiff complains.

The FTCA bars a party from bringing suit against the United States unless the party has first presented his or her claim to the appropriate federal agency. 28 U.S.C. § 2675(a). The United States submitted the Declaration of Tammy Lang of the FBI in support of its motion for summary judgment. Lang declares that as of May 20, 2008, the FBI's Central Records System disclosed no record of any administrative claim submitted to the FBI by or on behalf of Patrick P. O'Donnell. O'Donnell does not assert having filed one. Absent exhaustion of administrative remedies, a court lacks jurisdiction under 28 U.S.C. § 1346(b) to hear a tort claim against the United States. 28 U.S.C. § 2675(a); *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir.

---

[9] This process occurs pursuant to 28 U.S.C. § 2679(d)(2) when the Attorney General certifies that a defendant employee of the United States was acting within the scope of his or her office or employment at the time of the incident out of which the claim arose. "Such action or proceeding shall be deemed to be an action or proceeding brought against the United States." 28 U.S.C. § 2679(d)(2).

[10] 28 U.S.C. §§ 1346, 2671 *et seq.*

[11] The Attorney General has delegated certification authority to the United States Attorneys. *See* 28 C.F.R. § 15.4(a) ("The United States Attorney for the district where the civil action or proceeding is brought . . . is authorized to make the statutory certification that the Federal employee was acting within the scope of his office or employment with the Federal Government at the time of the incident out of which the suit arose.").

1986) ("[T]he requirement of filing an administrative claim is jurisdictional and may not be waived.").

Because O'Donnell never filed an administrative complaint against Hough with the FBI, he has failed to present his claims to the appropriate agency as required by the FTCA. The Court will GRANT summary judgment for the United States as to Claim 1(a) and 2(a).

### C. State Defendants Jessee, Jones, Bruce, and McKenney: Claims 1(b) and 2(b)

Having dismissed Plaintiff's Constitutional claim and other claims against the United States, only questions of state law remain in this case. The Court will exercise its discretion in declining to exercise its supplemental jurisdiction over these remaining state law claims, pursuant to 28 U.S.C. § 1367(c). The Court will REMAND Claims 1(b) and 2(b) to state court.

### IV. Conclusion

For the foregoing reasons, the Court will GRANT the Federal Defendants' Motion for Summary Judgment as to Claims 1(a), 2(a), and 3(a). (Docket No. 8.) The United States and Defendant Hough will be DISMISSED from the case. Defendants Jessee, Jones, Bruce, and McKenney's Motion for Partial Summary Judgment on Claim 3(b) will be GRANTED. Plaintiff's Sixth Amendment claim will be DISMISSED as to all Defendants. Claims 1(b) and 2(b) against Defendants Jessee, Jones, Bruce, and McKenney will be REMANDED to state court.

An appropriate Order shall issue.

_____ /s _____

M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date:   3/19/09

12